UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE DELGADO,<br>*Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 7:23-cv-146 |
| MERIDIAN SECURITY INSURANCE COMPANY,<br>*Defendant.* | § § § § | **JURY DEMANDED** |

### DEFENDANT MERIDIAN SECURITY INSURANCE COMPANY'S
### NOTICE OF REMOVAL

Defendant Meridian Security Insurance Company ("Meridian" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

### I. NATURE OF THE SUIT

This lawsuit arises from a claim made by Jose Delgado ("Plaintiff") under a policy of liability insurance. Plaintiff filed this lawsuit alleging breach of contract, violations of Texas Insurance Code Chapters 541 and 542, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and breach of the duty of good faith and fair dealing.

### II. PROCEDURAL BACKGROUND

1.  On December 28, 2021, Plaintiff filed an Original Petition initiating an action against Meridian Security Insurance Company in the County Court at Law No. 1 of Hidalgo County, Texas, bearing Cause No. CL-21-4260-A ("the State Court Action"). *See* **Exhibit D**. Plaintiff's Original Petition contained a statement that Plaintiff was seeking monetary damages "no more than $75,000" and contained a purported "binding stipulation" to that effect. *See* **Exhibit D**, at 1, 15.

1

2. Defendant was served with the Original Petition in the State Court Action via its registered agent on January 12, 2022. *See* **Exhibit E.**

3. Defendant filed its Original Answer to Plaintiff's Original Petition in the State Court Action on July 7, 2022. *See* **Exhibit F.**

4. Plaintiff filed his First Amended Petition on March 27, 2023. *See* **Exhibit G**. Plaintiff's First Amended Petition removed the statement that he was seeking monetary damages "no more than $75,000" and replace such statement with one that he was seeking monetary damages "over $250,000 but less than $1,000,000." *See* **Exhibit G**, at 1.

5. This Notice of Removal is being filed within thirty (30) days after receipt of a copy of an amended pleading from which it may first be ascertained that the case is one which has become removable. *See* 28 U.S.C. § 1446(b)(3).

### III. BASIS FOR REMOVAL

6. This Court has original diversity jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed pursuant to 28 U.S.C. § 1441(b), as it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. **Plaintiff is a Texas citizen**. According to Plaintiff's state court pleading, Plaintiff is a citizen of Texas. *See* **Exhibit D** at 1.

8. **Defendant is not a Texas citizen.** Meridian Security Insurance Company is an Indiana corporation. Its principal place of business is also Indiana. Thus, Defendant is not a citizen of Texas for the purposes of diversity jurisdiction, and complete diversity of citizenship exists between Plaintiff and Meridian.

9. **The amount in controversy exceeds $75,000.** The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy

2

exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

10. Here, Plaintiff's First Amended Petition pleads that he is seeking monetary damages "over $250,000 but less than $1,000,000." *See* **Exhibit D** at 1. Additionally, Plaintiff has pleaded Defendant breached the policy/contract at issue and violated §§ 542.051, et seq., Chapter 501 of the Texas Insurance Code, and §§ 17.50, et seq. of the DTPA and therefore seeks recovery of "exemplary damages," **Exhibit D** at 11–12, and prays for "actual attorney's fees, mental anguish, DTPA violations, Texas insurance code [sic] violations, statutory penalties, and pre-judgment and post-judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdictional limits of the court." **Exhibit D** at 12.

11. Under § 541.152(b) of the Texas Insurance Code, "on a finding by the trier of fact that the defendant knowingly committed the act complained of, the trier of fact may award an amount not to exceed three times the amount of actual damages…." TEX. INS. CODE ANN. § 541.152. Plaintiff has pled that Defendant's acts were done "knowingly," as that term is used in the Texas Insurance Code. **Exhibit D** at 11–12.

3

12. Therefore, the petition on its face, which asserts claims under statutes that provide for treble damages and attorneys' fees, if their allegations are proven, demonstrates an amount in controversy which exceeds the minimum amount to invoke this Court's jurisdiction. Because the amount in controversy facially exceeds $75,000, this Court has subject-matter jurisdiction under 28 U.S.C. § 1332, and this removal is proper.

13. Removal to the Southern District of Texas, McAllen Division, is proper because the state court action is pending in Hidalgo County, which is part of the Southern District.

14. In compliance with 28 U.S.C. § 1446(a) and Local Rule 81, Defendant has filed with this Notice of Removal (a) all executed process, (b) all pleadings asserting causes of action and all answers to such pleadings, (c) all orders signed by the state court judge, (d) the state court docket sheet, (e) an index of matters being filed, (f) a list of counsel of record and the parties represented, and (g), all orders signed by the state court judge. *See attached* **Exhibits A–H.** Defendant will separately file any Corporate Disclosure which may be required in compliance with Fed. R. Civ. P. 7.1.

15. In compliance with 28 U.S.C. § 1446(d), Defendant hereby certifies that it will promptly notify the clerk of the court in the State Court Action and all adverse parties of this removal.

## IV. CONCLUSION AND PRAYER

16. The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. § 1332 because (1) Plaintiff is a citizen of Texas, (2) Defendant is not a citizen of Texas and (3) the amount in controversy, based on Plaintiff's pleading, facially exceeds $75,000, exclusive of interest and costs. As such, this removal is proper under 28 U.S.C. §1441. On these grounds, Defendant hereby removes the referenced State Court Action to this Court.

17. Defendant demands a jury in this removed action.

18. THEREFORE, Defendant Meridian Security Insurance Company respectfully requests that the above-entitled action be removed from the County Court at Law No. 1 of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division.

Respectfully submitted,

By: /s/ Michael W. McCoy
    Michael W. McCoy
    State Bar No.: 13471850
    E-Mail: mccoy@mdjwlaw.com

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1751
Facsimile:   (713) 222-0101

**ATTORNEYS FOR DEFENDANT,
MERIDIAN SECURITY INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served this 26th day of April 2023 to the following counsel of record by *Electronic Filing*:

Omar Ochoa      *Vía ECF/Email: oochoa@omarochoalaw.com*
OMAR OCHOA LAW FIRM, PC
121 N. 10th Street
McAllen, Texas 78501

AND

Victor Rodriguez, Jr.    *Vía ECF/Email: victor@vrodriguezlaw.com*
VICTOR RODRIGUEZ LAW FIRM, PC
121 N. 10th St.
McAllen, Texas 78501

*Attorneys for Plaintiffs*

              /s/ *Michael W. McCoy*
              Michael W. McCoy